UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN EDWARD FOLAND,

                  Plaintiff,

v.                                        1:22-CV-1158
                                        (LEK/ML)

THE STATE OF NEW YORK, The
Honorable Kathy Hochul, Governor of
New York State; COMMONWEALTH
OF PENNSYLVANIA, Governor Tim
Wolf; and THE STATE OF OHIO, Mike
DeWine, Governor of Ohio,

                  Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

John Edward Foland
  *Pro Se* Plaintiff
NikolausStraube 58
50937 Koln/Sulz
Deutschland Germany

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

**I.    INTRODUCTION**

       Plaintiff John Edward Foland ("Plaintiff") commenced this civil rights action *pro se* on November 7, 2022, on a form complaint alleging negligence against the State of New York, the Commonwealth of Pennsylvania, and the State of Ohio (collectively "Defendants"). (Dkt. No. 1.) Plaintiff did not pay the filing fee for this action and seeks leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.)

**II.    DISCUSSION**

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.  28 U.S.C. § 1915(a)(1).[1]  Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee.  28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court.  *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983).  The Court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status.  28 U.S.C. § 1915(a)(1).  To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute."  *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).  As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life."  *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

---

[1]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Here, Plaintiff's IFP application is incomplete.[2] For example, Plaintiff failed to answer whether, in the past twelve months, he has received income from: (a) business, profession, or other self-employment, (b) rent payments, interest, or dividends, (e) gifts or inheritances, or (f) any other sources. (Dkt. No. 2 at ¶ 2.) Moreover, Plaintiff stated that in the past twelve months, he has received income from (c) pension, annuity, or life insurance payments, and (d) disability, or worker's compensation payments. (*Id*.) However, Plaintiff failed to identify the source of that money, the amount that he received, and what he expects to receive in the future. (*Id*.) Further, Plaintiff failed to answer the amount of money that he has in cash or in a checking or savings account. (Dkt. No. 2 at ¶ 4.) Finally, Plaintiff failed to identify his regular monthly expenses (Dkt. No. 2 at ¶ 6), whether any persons are dependent on him for support (*id*. at ¶ 7), and any debts or financial obligations (*id*. at ¶ 8). Accordingly, Plaintiff's IFP application is denied without prejudice and with leave to renew.

If Plaintiff wishes to proceed with this action, he must comply with the filing fee requirements **within thirty (30) days** of the filing date of this Decision and Order. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **DENIED without prejudice and with leave to renew**; and it is further

---

[2] The Court also notes that the caption on Plaintiff's IFP application lists "Defendant/Respondent" as "JB Pritzker, Governor – Illinois." However, neither JB Pritzker nor the state of Illinois are listed as parties in Plaintiff's Complaint. (*Compare* Dkt. No. 1 at 2, *with* Dkt. No. 2 at 1.)

**ORDERED** that should Plaintiff wish to proceed with this action, he must either (i) pay the $402.00 filing fee, or (ii) submit a completed and signed IFP long form application in accordance with this Decision and Order **within thirty (30) days** from the date of the filing of this Decision and Order.  Plaintiff is advised that, if he does not fully comply with this Decision and Order within thirty days, the undersigned will issue a report and recommendation to the assigned district judge that the action be dismissed; and it is further

**ORDERED** that upon Plaintiff's compliance with this Decision and Order, the Clerk shall return the file to the Court for further consideration and, if appropriate, review of the complaint in accordance with 28 U.S.C. § 1915(e)(2); and it is further

**ORDERED** that the Clerk shall serve this Decision and Order on Plaintiff by mail.  The Clerk shall also send Plaintiff a blank long form IFP application.

Dated: February 7 , 2023
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge